IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RUSSELL SCHENCK and BETHANY PRIMROSE d/b/a<br>INSOMNIAC ARTS,<br><br>Plaintiffs<br><br>vs.<br><br>CALE OROSZ and CASE DOODLE, LLC<br><br>Defendants | Case No. Case No. 3:13-CV-0294<br><br>Aleta A. Trauger<br>Judge<br><br>Juliet Griffin<br>Magistrate Judge |

# INITIAL CASE MANAGEMENT ORDER

In accordance with the provisions of Local Rule 16.01, the parties jointly and respectfully submit this Initial Case Management Order.

1. ***Jurisdiction***. This Court has jurisdiction over this action under 28 U.S.C.A. § 1331 and 1338 because this is an action for copyright infringement arising under the Federal Copyright Act of 1976. Jurisdiction is not disputed.

2. ***Service of Process***. Defendants have been served.

3. ***Responsive Pleading***. Defendants have not filed any answer to the Plaintiffs' Amended Complaint. In accordance with Rule 12 and Rule 6 of the Federal Rules of Civil Procedure, Defendants were to file an answer by 21 November 2013. Plaintiffs expect to file Plaintiffs' Second Amended Verified Complaint on or before 24 February 2014.

4. ***Plaintiffs' Theory of the Case***. Insomniac Arts ("IA"), owned jointly by Plaintiffs Bethany Primrose and Russell Schenck, is an online retail company that sells both via insomniacarts.com , the copyright in which is owned by Plaintiffs, and via several ecommerce web sites, including Amazon.com ("Amazon"). Plaintiff Bethany Primrose creates and registers the copyright in graphic designs ("Graphic Designs") that IA prints on a variety of goods that it sells online. For each item of goods that IA offers for sale, Plaintiff Bethany Primrose creates and registers the copyright in an image displaying the item of goods for sale, including the Graphic Design printed on that item, ("Product Image"), and IA uses that Product Image to advertise the item for sale.

Ecello Electronics, another seller on Amazon that was run by Defendant Orosz, either directly or through Defendant CD, copied IA's Product Images and advertised counterfeit goods on Amazon seller web pages that were almost entirely appropriated from IA's Amazon seller web pages without any authorization from IA. Defendant Orosz, either directly or through Defendant CD, also advertised counterfeit goods on his own web site, previously operated on ecello.net and later on squigglecase.com without any authorization from IA. Squigglecase.com was an almost exact copy of insomniacarts.com in almost every aspect, including but not limited to page layout, product titles, and Product Images.

Defendants have infringed the copyrights in and to IA's Product Images as well as the copyrights in and to the underlying Graphic Designs depicted in those Product Images. Defendants have also infringed the copyright in and to IA's web site insomniacarts.com.

5. ***Defendants' Theory of the Case***. Defendant Case Doodle LLC makes cell phone cases with graphic designs and Defendant Orosz is the manager of Case Doodle LLC. The Defendants use images from stock photo sites to create these cell phone cases. Defendant CD does not scrape or copy images or designs from competitor websites or competitors' online stores.

The Defendants have not infringed the asserted copyright registrations for the following reasons:

First, the designs on some accused products are so visually dissimilar from the asserted work that no reasonable trier of fact could find copyright infringement. Indeed, in some cases, this dissimilarity is so great that the accusation of copyright infringement is implausible.

Second, many of the asserted works contain public domain, functional, and other uncopyrightable elements and any similarity between the accused products and the asserted works is entirely attributable to these unprotectable features.

Third, Plaintiffs have committed fraud on the Copyright Office and/or otherwise violated statutes and rules governing copyright standards by submitting noncompliant deposits; improperly registering multiple distinct works as single units of authorship where the application does not qualify for such treatment; and failed to identify preexisting works used in the plaintiff's designs. In some cases, Defendants believe Plaintiffs may have registered the works of others as their own creations.

Defendants seek declaratory judgment of noninfringement and/or copyright invalidity for each asserted registration. Defendants will be using Section 411(b) referrals to the Copyright Office for the Office to evaluate whether copyright registrations were granted in error due to Plaintiff's misrepresentations, as required under the Pro IP Act of 2008.

Defendants also have a Section 412 defense to certain remedies as the registration date for many asserted registrations is after the Defendants began using the accused works and more than three months after the date of first publication.

6. ***Issues Resolved***: Jurisdiction and venue are not disputed. The Court has also determined that Plaintiffs' Complaint states a claim for relief.
7. ***Issues for Resolution***. All other issues in this case remain unresolved.

8. *Mandatory Initial Disclosures*. Pursuant to Fed. R. Civ. P. 26(a)(1), all parties must make their initial disclosures on or before 10 March 2014 [or such other deadline as the court approves].

9. *Discovery*. The parties shall complete all written discovery and depose all facts witnesses on or before 15 January 2015. Discovery is not stayed during dispositive motions, unless ordered by the court. Local Rule 33.01(b) is expanded to allow 40 interrogatories, including sub-parts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

10. *Electronic Discovery*. The parties have not reached a formal agreement on how electronic discovery will be conducted. Counsel are prepared to discuss these issues with the Court at the Initial Case Management Conference and to set a future date by which to have reached a formal agreement.

11. *Dispositive Motions*. The parties shall file all dispositive motions on or before 15 July 2015. Responses to dispositive motions shall be filed within twenty (20) days of the filing of the motion. Optional replies may be filed within ten (10) days after the filing of the response. Briefs shall not exceed 20 pages. No motion for partial summary judgment shall be filed except upon leave of the Court. Any party wishing to file such motion shall first file a separate motion that gives the justification for filing a partial summary

judgment motion in terms of the overall economy of time and expense for the parties, counsel and the court.

12. ***Additional Claims and Amended Pleadings***. The parties shall file all motions to amend on or before 25 August 2014. Plaintiffs will continue to move the Court for leave to amend Plaintiffs' pleadings to include additional copyright registrations as Plaintiffs receive responses from the Copyright Office. Plaintiffs will also seek to join as Defendants any entity through which Defendant Orosz ran his business during the relevant time period as Plaintiffs discover the existence and identity of such entities.

13. ***Expert Witnesses***. The parties shall identify and disclose all expert witnesses and expert reports on or before 16 March 2015. The parties shall depose all expert witnesses on or before 15 May, 2015.

14. ***Trial***. The parties estimate that trial will last 3 days.

15. ***Joint Mediation Report***. Counsel for all parties will file a joint mediation report on or before March 20, 2015.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
U.S. District Judge

Page 6 of 7

Case 3:13-cv-00294   Document 75   Filed 02/25/14   Page 6 of 7 PageID #: 2565

Approved for Entry:


/s/Anjlee Khurana
Anjlee Khurana (BPR #027350)
Harris, Martin, Jones, P.A.
49 Music Square West, Suite 600
Nashville, TN 37203
615.321.5400
615.321.5469
khurana.anjlee@gmail.com
*Attorney for Plaintiffs*


/s/ Christopher J. McGeehan
Christopher J. McGeehan (admitted *pro hac vice*)
McGeehan Technology Law, Ltd.
4128 N. Clarendon Ave. #220
Chicago, IL 60613
(872) 221-0970
chris@newidealaw.com
*Attorney for Defendants*