# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **RUSSELL SCHENCK and BETHANY PRIMROSE d/b/a INSOMNIAC ARTS,** | ) ) ) | |
| **Plaintiffs,** | ) ) | |
| | ) | **Case No. 3:13-cv-00294** |
| **v.** | ) ) | **Judge Aleta A. Trauger** |
| **CALE OROSZ and CASE DOODLE, LLC,** | ) ) ) | **Magistrate Judge Griffin** |
| **Defendants.** | ) | |

## MEMORANDUM

The plaintiffs have filed a Second Motion for Summary Judgment (Docket No. 152), to which the defendants have filed a Response in opposition (Docket No. 162), and the plaintiffs have filed a Reply (Docket No. 166). For the following reasons, the Motion will be granted in part and denied in part.

## FACTS AND PROCEDURAL BACKGROUND

The background of this litigation has been set out in pieces in several prior opinions. However, the court finds that, for the record, it is appropriate to set it forth at length again here.

### I.    Introduction

Plaintiffs Bethany Primrose and her husband, Russell Schenck, do business as "Insomniac Arts" ("Insomniac") in Nashville, Tennessee. Primrose creates graphic designs ("Graphic Designs") that Insomniac prints onto goods such as mobile phone cases, tablet covers, mugs, t-shirts, and other novelty items. Insomniac also creates images of the products with the designs superimposed upon them ("Product Designs"), which Insomniac uses to market and sell the items

1

in online marketplaces, such as Amazon.com and through its own webpage.  Both before and after the plaintiffs initiated this litigation, the plaintiffs filed copyright registrations relating to the Graphic Images and Product Designs.  For the most part, the plaintiffs have essentially batch-registered "collections" of Product Images.  Each collection contains variations on a central theme, such as designs stating "Peace, Love, and Equality" or "Breast Cancer Awareness."

Defendant Cale Orosz is a Nevada resident who operates defendant Case Doodle, LLC ("Case Doodle").  Orosz and Case Doodle operate under alternate business names, including the website "squigglecase.com" and "Ecello Electronics."  Orosz and Case Doodle market and sell products in competition with the plaintiffs.  The plaintiffs contend that the defendants copied and counterfeited Insomniac's copyrighted Graphic Designs and Product Images, in violation of the Copyright Act, 17 U.S.C. § 101 et seq.  At least until a preliminary injunction issued in this case, the images on the defendants' goods were identical to the plaintiffs' Graphic Designs.

## II.     Pre-Summary Judgment Proceedings

The plaintiffs initially filed an unverified Complaint (Docket No. 1) that did not identify the specific copyrights at issue, was not accompanied by a preliminary injunction motion, and (apparently) was not properly served on the defendants.  After the defendants moved to dismiss for improper service and failure to state a claim (Docket No. 15), the plaintiffs refiled an unverified Amended Complaint (Docket No. 22).  As best the court could tell, the Amended Complaint referenced approximately 61 copyright collections (only five of which had been registered before filing suit) and alleged infringement of only a subset of the copyrights.

After the defendants again moved to dismiss for failure to state a claim (Docket No. 28), the plaintiffs filed a retroactive "Verification" of their Amended Complaint (Docket No. 32) and

a Rule 65 Motion for Preliminary Injunction (Docket No. 33), which the court granted in part and denied in part (*see* Docket Nos. 58 (Memorandum) and 59 (Order)). In its November 7, 2013 Memorandum concerning the Rule 65 motion (the "11/7/13 PI Memorandum"), the court observed that the defendants did not submit any sworn rebuttal to the plaintiffs' fundamental allegation: namely, that Orosz had wholesale plagiarized the plaintiffs' works and marketed them online for profit. Nevertheless, after parsing the record, the court was limited to enjoining the defendants only as to the five timely registered copyrights (*i.e.*, 5 of the 61 copyrights at issue). The court held that the plaintiffs would need to re-plead claims relative to the remaining unregistered or untimely registered copyrights. Also, because of ambiguities in the record and the plaintiffs' failure to file a proposed injunction order, the court ordered the plaintiffs to file a supplemental affidavit and a proposed injunction. The plaintiffs complied (Docket Nos. 60 and 61) and the court entered a Preliminary Injunction Order on November 18, 2013 (Docket No. 62).

On February 24, 2014, with leave of court, the plaintiffs filed a Second Amended Verified Complaint. (Docket No. 77) (the "SAVC"). The SAVC re-pleaded claims relative to additional copyrights, placing at issue a total of approximately 44 copyright registrations. Without consulting the defendants, the plaintiffs moved for an expansion of the Preliminary Injunction to include these additional copyrights. (Docket No. 77.) After the defendants objected in part (Docket No. 79), the court ordered the parties to confer on agreed language for the expanded injunction (Docket No. 80). The parties complied (Docket No. 81), and the court entered an Expanded Preliminary Injunction Order on March 21, 2014 (Docket No. 82). In the meantime, the defendants responded to the SAVC by filing an Answer and Counterclaims, seeking a declaration of non-infringement (Count I), a declaration of invalidity based on fraud on the

Copyright Office (Count II), and a declaration of invalidity based on lack of originality (Docket No. 78).

On March 31, 2014, again without consulting the defendants beforehand, the plaintiffs simultaneously filed a Motion to Strike certain of the defendants' affirmative defenses (Docket No. 84), a Motion to Dismiss the Counterclaims (Docket No. 86), and a Motion for Leave to File a Third Amended Verified Complaint (Docket No. 83). The defendants did not oppose the request for leave to amend, which the court granted on April 16, 2014 (Docket No. 91), thereby mooting the plaintiffs' Rule 12 motions.

On July 7, 2014, the plaintiffs filed their Third Amended Verified Complaint (Docket No. 92) ("TAVC"), which remains the plaintiffs' operative complaint in this case. The parties appear to agree that the TAVC places at issue 43 different copyrighted collections. The defendants responded to the TAVC by filing an Answer and Counterclaims. (Docket No. 93.) The plaintiffs filed an Answer to the defendants' counterclaims. (Docket No. 94.)

## III.     **Discovery and Failed Attempts to Move Under Rule 56**

It appeared to the court that the discovery period was not well-utilized. As best the court could tell, neither party took any depositions nor retained testifying experts, and there was no indication that the plaintiffs served written discovery.

The unevenness continued at the close of fact discovery. Without seeking the requisite leave of court (as required by ¶ 11 of the Initial Case Management Order (the "ICMO")) (Docket No. 75), the plaintiffs filed a Motion for Partial Summary Judgment (Docket No. 95). Apparently realizing their mistake, the plaintiffs, four days later, retroactively requested leave to file a partial Rule 56 motion. (Docket No. 99). While the motion was necessary, it was not

sufficient.  Because the plaintiffs failed to explain why a partial Rule 56 motion was justified - a requirement under the ICMO ¶ 11- the court denied the request for leave.  (Docket No. 100.)

The plaintiffs filed a renewed Motion for Leave to File a Motion for Partial Summary Judgment (Docket No. 101), in which they contended that the court should rule in their favor relative to 28 of the 43 copyrights at issue in the TAVC.  The defendants filed a Response in opposition (Docket No. 102), pointing out that (1) the plaintiffs' proposed motion and statement of facts inappropriately purported to treat the court's 11/7/13 PI Memorandum as preclusive findings of fact and law at the Rule 56 stage, and (2) the plaintiffs improperly relied on hearsay statements as to what the Copyright Office had allegedly told Primrose about her copyright registrations.  The defendants threatened to move for sanctions under Rule 11, contending that they had informed the plaintiffs in an August 1, 2014 email about both of these deficiencies.  On January 27, 2015, the court denied the plaintiff's request for leave to move for partial summary judgment.  (Docket No. 103.)

After failing to obtain leave to file a partial summary judgment motion, the plaintiffs moved to dismiss without prejudice 15 of their 43 registrations (*i.e.*, the ones on which they had not been seeking summary judgment) under Rule 41.  (Docket No. 104.)  In a Response in opposition to the plaintiff's Rule 41 motion, the defendants pointed out that the plaintiffs' motion raised more questions than answers, leaving open how dismissal would impact the defendants' counterclaims and whether the plaintiffs would seek to reassert the dismissed copyright claims. (Docket No. 105.)  After a telephone conference with the court, the parties filed a Proposed Agreed Order of Dismissal (Docket No. 112), which the court entered on March 16, 2015 (Docket No. 113).

IV.     **Plaintiffs' First Motion for Summary Judgment**

Having narrowed the case to 28 copyrighted collections, the plaintiffs, on March 17, 2015, moved for "full" summary judgment (Docket No. 116) - a motion for which leave of court is not required - and for contempt (Docket No. 114). The Motion for Summary Judgment attached and relied upon copies of the copyright registrations for each collection, as well as screenshots reflecting purported infringement by the defendants on Amazon.com or squigglecase.com. (*See* Docket No. 116, Ex. 1, Parts 1-28).) At the time they were filed, the screenshots were not authenticated. The motion was also supported by the Declaration of Bethany Primrose (Docket No. 118), in which (1) Primrose described how she creates the Graphic Designs and Product Images, and (2) Primrose averred that, after learning that the defendants were challenging the validity of her copyright registrations, she called the Copyright Office and received assurances from an unidentified person that the registrations did not need to be amended or otherwise corrected. The motion was also supported by a Statement of Facts (Docket No. 119), which largely recited the court's November 7, 2013 PI Memorandum as "facts," without referencing evidence in the record. Essentially, the Rule 56 motion contained the same procedural and evidentiary deficiencies that the defendants had pointed out to the plaintiffs at least twice before, and on which the court had denied the plaintiffs' second request for leave to file a partial summary judgment motion. The court denied the plaintiffs' Motion for Summary Judgment on three grounds: (1) it purported to rely on the court's preliminary Rule 65 opinion as containing preclusive findings of fact and law, but the court's findings did not have that effect; (2) it improperly relied upon hearsay evidence, including Primrose's and Khurana's representations about what the Copyright Office told them; and (3) it required the court to comb the record on its own (without the benefit of specific citations) to "connect the dots" among

docket entries spanning approximately two years.[1]  (Docket No. 146 at pp. 8-9.)

## VI.    Referral to the Register of Copyrights

In response to the plaintiffs' Rule 56 motion, the defendants raised numerous objections to the validity of the plaintiffs' copyright registrations.  The defendants claimed that they "[would] refer" (presumably, meaning that they would ask the court to refer) questions to the Copyright Office under 17 U.S.C. § 411(b)(2) concerning the validity of the plaintiffs' copyrights.  In response to these questions, the court engaged in a very lengthy examination of the merits of the defendants' objections and concluded that, in sum, some of the issues raised by the defendants could merit referral to the Register based on an appropriate showing, but that those issues required renewed consideration by the defendants in light of the court's analysis and guidance.  The court, therefore, advised the defendants to make a serious evaluation of the invalidity defenses that they were claiming, including whether there was a good faith basis in fact and law for each challenge, and provided a formal mechanism by which the defendants could serve on the plaintiffs a statement of their validity objections to the plaintiffs' copyright registrations (leading the parties to confer and agree on any issues that were appropriate for

---

[1] The court also noted that, based on an affidavit from Cale Orosz, the defendants claimed that there was a genuine dispute of fact as to whether the defendants actually copied any of the plaintiffs' materials.  Orosz averred that he creates some designs and copies others.  With respect to designs that he copies, he averred that he obtains raw images from "stock image sites" such as deviantart.com, free-extras.com, gettyimages.com, freepik.com, stockfresh.com, colourbox.com, and shutterstock.com.  He claimed that he takes these designs and creates his own product images by running a computer script that crops the images, places them on a product (like a cell phone case), and adds features such as a hand holding the product bearing that image.  He averred that "all images on the Defendants' Amazon and Squiggle Case websites were created using these scripts" and that the defendants "never copied product images from any other website."  (Docket No. 137.)  He also averred that the defendants "did not copy any graphic designs, product images, or text from the Insomniac Arts website, Plaintiffs' Amazon or eBay pages, or any other site where Defendants sell their products."  (*Id*.).

submission to the Register for clarification). If the parties could not agree, the court gave the defendants permission to file a Motion to Refer Under § 411(b)(2) including specific questions to ask the Register.

## VII.  The Second Motion For Summary Judgment

The defendants did not serve any validity objection issues for referral to the Register as provided for by the court. After repeatedly receiving no response from defendants' counsel, plaintiffs' counsel sought leave of court to file a second Motion for Summary Judgment. (Docket No. 148.) The court granted plaintiffs' request as unopposed (Docket No. 151), and, on September 8, 2015, the plaintiffs filed their second Motion for Summary Judgment (Docket No. 152). The Motion was accompanied by a Declaration of counsel on Defendants' Failure to Participate (Docket No. 153), a Statement of Undisputed Facts (Docket No. 154), and a Memorandum of Law (Docket No. 155). After three motions for extensions of time, on October 29, 2015, the defendants filed a Response in opposition (Docket No. 164), accompanied by a Response to Plaintiffs' Statement of Facts (Docket No. 165.) On November 9, 2015, the plaintiffs filed a Reply. (Docket No. 166.)

The plaintiffs have set forth 28 copyrights for which they have provided a certificate of registration, a copy of the deposit copy, and a specific example of alleged infringement by the defendants (collectively, the "SJ Works"). (Docket No. 155-1.) With respect to the SJ Works, the plaintiffs now seek a judgment that the copyrights in the SJ Works are valid and that the defendants copied those works without authorization.

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56 requires the court to grant a motion for summary

judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If a moving defendant shows that there is no genuine issue of material fact as to at least one essential element of the plaintiff's claim, the burden shifts to the plaintiff to provide evidence beyond the pleadings, "set[ting] forth specific facts showing that there is a genuine issue for trial." *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "In evaluating the evidence, the court must draw all inferences in the light most favorable to the non-moving party." *Moldowan*, 578 F.3d at 374 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

At this stage, "'the judge's function is not . . . to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). But "[t]he mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient," and the party's proof must be more than "merely colorable." *Anderson*, 477 U.S. at 252. An issue of fact is "genuine" only if a reasonable jury could find for the non-moving party. *Moldowan*, 578 F.3d at 374 (citing *Anderson*, 477 U.S. at 252).

## ANALYSIS

In order to establish a claim for copyright infringement, a plaintiff must establish that it owns a copyrighted work. *Kohus v. Mariol*, 328 F.3d 848, 853 (6th Cir. 2003). A certificate of registration constitutes *prima facie* evidence of the ownership and validity of the copyright, which evidence is rebuttable. *King Records, Inc. v. Bennett*, 438 F. Supp. 2d 812, 837 (M.D. Tenn. 2006) (citing *Boisson v. Banian, Ltd.*, 273 F.3d 262, 268 (2d Cir. 2001)). "[T]he burden of

proving ownership is at all times on the party claiming infringement." *BancTraining Video Sys. v. First Am. Corp.*, No. 91-5340, 1992 WL 42345, at *4 (6th Cir. Mar. 3, 1992).[2]

After proving ownership, the plaintiff must establish that the defendant copied the plaintiff's copyrighted work. *Kohus*, 328 F.3d at 853. In most cases, as in this case, there is no direct evidence of copying. Accordingly, courts must rely on inferences drawn from (1) a defendant's access to the allegedly infringed work; and (2) the substantial similarity between defendant's work and the allegedly infringed work. *Murray Hill Publ'rs, Inc. v. Twentieth Century Fox Film Corp.*, 361 F.3d 312, 316 (6th Cir. 2004). If a plaintiff is able to establish the inference of copying, a defendant may rebut such an inference with proof of independent creation of the allegedly infringing work. *Ellis v. Diffie*, 177 F.3d 503, 507 (6th Cir.1999).[3]

First, access is proven when a plaintiff shows that the defendant saw or had a reasonable opportunity to see plaintiff's work and, therefore, had the opportunity to copy. *Id*. at 506. "Access may not be inferred through mere speculation or conjecture. There must be a reasonable possibility of viewing the plaintiff's work – not a bare possibility." 4 NIMMER ON COPYRIGHT, §

_____

[2] The plaintiffs have presented 28 copyright registrations to the court encompassing the SJ Works. The court finds that the defendants have not made any persuasive arguments at summary judgement as to the technical invalidity of the SJ Works copyright registrations. The court is unconvinced by the defendants' passing mention of the single unit of publication rule. This issue has previously been discussed at some length by the court in its consideration of whether to refer certain questions to the Register. The defendants were given the opportunity to refer a question regarding the application of the single unit of publication rule and the interplay of the Second versus Third Compendium, but, as discussed above, the defendants chose not to avail themselves of the opportunity. Now, the defendants have half-heartedly raised the issue in passing opposition to summary judgment. However, the court remains skeptical that the defendants can make a good faith fact-based contention that the plaintiffs violated the unit of publication rule in effect at the time of the registration of the relevant copyrights.

[3] With regard to this Second Motion for Summary Judgment (unlike the Orosz Affidavit filed in response to the First Motion for Summary Judgment), the defendants have offered no affidavit as proof of independent creation of allegedly infringing works.

13.02[A], at 13–21; *see also Ellis*, 177 F.3d at 506. Where there is no direct evidence of access, such as when the defendant denies having seen the allegedly infringed work, circumstantial evidence may be used to demonstrate reasonable access. Two forms of circumstantial evidence are accepted as evidence of reasonable access: (1) a particular chain of events establishing defendant's access to plaintiff's work, or (2) plaintiff's work has been widely disseminated. *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 482 (9th Cir. 2000). "Evidence that a third party with whom both the plaintiffs and the defendants were dealing had possession of the plaintiffs' work is sufficient to establish access by the defendants." *Tree Publ'g Co., Inc. v. Warner Bros. Records, a Div. of Time-Warner, Inc.*, 785 F.Supp. 1272, 1274 (M.D. Tenn. 1991) (citing *Kamar Int'l, Inc. v. Russ Berrie and Co.*, 657 F.2d 1059, 1062 (9th Cir. 1981)).

Second, "[t]he test for substantial similarity is whether the similarity between the works would lead an average observer to recognize the alleged copy as having been appropriated from the copyrighted work." *Tree Publ'g Co*. at 1275. Where access cannot be proved through either direct or circumstantial evidence, the plaintiff must show a *striking* similarity between the allegedly infringed work and defendant's work, rather than the lower substantially similar standard. *Murray Hill*, 361 F.3d at 317. If the plaintiff is able to prove striking similarity, additional proof of access is not required. This is because "striking similarity carries the burdens of proof that the infringing work is sufficient[ly] similar as to intrude into the copyrighted work's protection and that the defendant must have had access to the copyrighted work, even if the plaintiff can provide no extrinsic proof of that fact." *Id.* (emphasis in original); *see also Ty. Inc. v. GMA Accessories, Inc.*, 132 F.3d 1167, 1170 (7th Cir. 1997) (holding that a showing of striking similarity constitutes proof of access and the plaintiff need not produce some other evidence of

access); *Bouchat v. Baltimore Ravens, Inc.*, 241 F.3d 350, 356 (4th Cir. 2000) ("It is clear that a showing of striking similarity does not *per se* relieve the plaintiff of his burden of establishing access. However, striking similarity is circumstantial evidence of copying, thereby supporting an inference of access.")

The plaintiffs contend that the defendants had access to the SJ Works on amazon.com and produced works that were substantially similar, thereby infringing the registered copyrights. Moreover, the plaintiffs argue that, even if the court were to not find such access, the striking similarity between the defendants' works and the SJ Works obviates the need to do so. In response, the defendants argue that "a common business arrangement with amazon is insufficient to show access as plaintiffs are essentially arguing a variant on the corporate receipt doctrine, while holds that a plaintiff cannot create a triable issue of access merely by showing bare corporate receipt of his work by an individual who shares a common employer with the alleged copier." (Docket No. 164 at p. 8.) The Sixth Circuit has "not taken a published stance" on the corporate receipt doctrine, however, and has limited its commentary to the unpublished affirmance of one case that involved a completely different set of facts in 1989 (*i.e.*, the physical possession of a script that Stephen King had submitted to a secretary at Columbia Pictures) that are clearly not analogous to the amazon.com online marketplace of today. *See Glanzmann v. King*, Nos. 88-2004, 89-1040, 88-2036 and 88-2144, 1989 WL 119181 (6th Cir. Oct. 11, 1989). The court finds that, through amazon.com's marketplace search function, there was certainly a "reasonable possibility of access," and a jury would not be "required to make an implausible leap" to find that the defendants discovered and had access to the plaintiffs' designs via that website. *See Smith v. Blige*, 558 F.3d 485, 492-93 (6th Cir. 2009).

12

Given that the defendants had a reasonable possibility of access to the SJ Works, the plaintiffs must only establish that there is substantial similarity between the SJ Works and defendants' products. The Sixth Circuit has adopted a two-part test to determine whether the defendant's work is "substantially similar" to plaintiff's work. "Simply because a work is copyrighted does not mean every element of that work is protected." *Boisson*, 273 F.3d at 268. "[Therefore,] the first step 'requires identifying which aspects of the [plaintiff]'s work, if any, are protectible by copyright. . . . ' [T]he second [step] 'involves determining whether the allegedly infringing work is 'substantially similar' to protectible elements of the [plaintiff]'s work. . . .'" *Kohus*, 328 F.3d at 855 (citations omitted). The Sixth Circuit has mandated that the inquiry in the second prong of the test must be made from the viewpoint of the intended audience. *Id*. at 857. In most cases, the intended audience will be the lay public or the ordinary reasonable person. *Id*. The court considers each of the SJ Works in turn.

**A.   GLBT Collection**

First, the defendants have raised valid factual issues as to the plaintiffs' sale of copies of the "I'm Too Pretty For My Closet" and "Love is Never Wrong" designs on eBay.com prior to the alleged date of first publication of this collection.[4] Here, and for all of the SJ Works, the plaintiffs' Reply fails to meaningfully address the defendants' evidence of prior publication. Accordingly, there is a question of fact as to whether whatever was registered on the publication date contains original material that is infringed by the accused work. Summary judgment must therefore be denied on this claim. Second, the court rejects the defendants' arguments as to the

---

[4] The sales allegedly occurred no later than May 6 and June 11, 2008 (Love is Never Wrong) and May 8 and August 11, 2008 (Too Pretty for Any Closet).

lack of originality of the "Peace Love Equality"design utilized for the 2014 registration and finds it sufficiently original to be infringed. The defendants concede that the remaining registration is infringed if the certificate of registration is found to be valid. Accordingly, the plaintiffs are entitled to summary judgment on the remaining claims. (*See* Docket No. 162-1, Ex. 1.)

**B.      Children's Collection**

Defendants argue that the asserted "Love Bug" work is visually dissimilar to the accused SJ Work. In the asserted work, the black separator between the two halves of the "ladybug" is a straight line, but on the accused work the separator widens to a broader base. Furthermore, (1) the dots and hearts are arranged differently and (2) the antennae are missing in the accused infringing work. Based upon these differences, the court finds that there is a question of fact as to whether the two works are substantially similar. Summary judgment must therefore be denied on this claim. (*See id.*, Ex. 2.)

**C.      Peace & Love Collection 2011**

First, the defendants contend that the plaintiffs published a vertically-oriented version of the "Peace Love Hockey" design in a different copyright registration with an earlier publication date. This is correct. (*See* Docket No. 152-11.) Second, the defendants have raised valid factual issues as to the plaintiffs' sales of copies of the "Peace Love Soccer" designs on eBay.com prior to the alleged date of first publication of this collection.[5] Accordingly, there is a question of fact as to whether whatever was registered on the publication date contains original material that is infringed by the accused work. Summary judgment must therefore be denied on these claims. (*See id.*, Ex. 3.)

---

[5] The sales allegedly occurred no later than January 22 and April 27, 2011.

### D.  Proud Air Force Family Collection 2011

The defendants concede that this registration is infringed if the certificate of registration is found to be valid.  Accordingly, the plaintiffs are entitled to summary judgment on this claim. (*See id.*, Ex. 4.)

### E.  North American Flags - Grunge Design and Product Shots 2011

In this instance, Primrose has taken the national flags of Barbados and Belize and added a faded or worn appearance.  The defendants' alleged infringing design is a mere copy of the national flags of those nations that is in the public domain with less muted colors.  The court does not find that the plaintiffs have identified any way in which the defendants have copied any original contribution.  This precludes summary judgment for the plaintiff with regard to this registration. (*See id.*, Ex. 5.)

### F.  Breast Cancer Awareness Collection 2011

The defendants have raised a valid factual issue as to the plaintiffs' sale of copies of the "Peace Love Cure" design on eBay.com prior to the alleged date of first publication of this collection.[6]  Accordingly, there is a question of fact as to whether whatever was registered on the publication date contains original material that is infringed by the accused work.  Summary judgment must therefore be denied on this claim.  The defendants concede that the remaining registration is infringed if the certificate of registration is found to be valid.  Accordingly, the plaintiffs are entitled to summary judgment on the remaining claims.  (*See id.*, Ex. 6.)

### G.  Animal Print Collection

---

[6] The sale allegedly occurred no later than April 27, 2011.

15

The plaintiffs assert infringement of a cowskin design photograph that the defendants concede was created by Primrose as a school project. The defendants offer evidence that the plaintiffs sold a product bearing this image on Etsy.com prior to the alleged date of first publication for the asserted registration. Accordingly, there is a question of fact as to whether whatever was registered on the publication date contains original material that is infringed by the accused work. Summary judgment must therefore be denied on this claim. (*See id.*, Ex. 7.)

**H.**      **Cheerleading Collection 2011**

The defendants concede that this registration is infringed if the certificate of registration is found to be valid. Accordingly, the plaintiffs are entitled to summary judgment on this claim. (*See id.*, Ex. 8.)

**I.**      **Ballet & Dance Collection 2012**

The defendants have raised a valid factual issue as to the plaintiffs' sale of copies of the "Keep Calm and Dance On" design on eBay.com prior to the alleged date of first publication of this collection.[7] Accordingly, there is a question of fact as to whether whatever was registered on the publication date contains original material that is infringed by the accused work. Summary judgment must therefore be denied on this claim. (*See id.*, Ex. 9.)

**J.**      **Halloween Cat Collection 2011**

The defendants concede that this registration is infringed if the certificate of registration is found to be valid. Accordingly, the plaintiffs are entitled to summary judgment on this claim. (*See id.*, Ex. 10.)

**K.**      **Ice Hockey Collection 2011**

---

[7] The sale allegedly occurred no later than August 14, 2012.

The defendants argue, without support, that because the "size and markings for a hockey rink are dictated by the rules of the game," the plaintiffs' hockey rink design is only entitled to protection to the extent that it varies from markings on a standard rink (which, the defendants maintain, the plaintiffs' design does not). (Docket No. 164 at pp. 17-18.) The court has reviewed the design at issue and finds that there could be many creative decisions made in setting forth a graphic representation of a hockey rink – the plaintiffs' being one of them and, therefore, protectible. The court further finds that the defendants' allegedly infringing version is identical to the plaintiffs' version. The defendants concede that this registration is infringed if the certificate of registration is found to be valid. Accordingly, the plaintiffs are entitled to summary judgment on this claim. (*See* Docket No. 162-1 at Ex. 11.)

**L.     Teacher Collection 2011**

The defendants have raised valid factual issues as to the plaintiffs' sales of copies of the "Keep Calm and Teach On" and "Peace Love Teach" designs on eBay.com prior to the alleged date of first publication of this collection.[8]  Accordingly, there is a question of fact as to whether whatever was registered on the publication date contains original material that is infringed by the accused works. Summary judgment must therefore be denied on this claim. (*See id.*, Ex. 12.)

**M.     Faith and Religion Collection 2011**

The defendants have raised a valid factual issue as to the plaintiffs' sale of copies of the "Smile Jesus Loves You" design on eBay.com prior to the alleged date of first publication of this collection.[9]  Accordingly, there is a question of fact as to whether whatever was registered on the

---

[8] The alleged sales occurred no later than September 30 and November 2, 2011.

[9] The alleged sale occurred no later than July 5, 2009.

publication date contains original material that is infringed by the accused works.  Summary judgment must therefore be denied on this claim.  (*See* Docket No. 162-1 at Ex. 13.)

### N.    Holiday Collection 2012

The defendants concede that this registration is infringed if the certificate of registration is found to be valid.  Accordingly, the plaintiffs are entitled to summary judgment on this claim. (*See id.*, Ex. 14.)

### O.    Valentine Collection 2011

The defendants have raised valid factual issues as to the plaintiffs' sales of copies of the "Owl Love You Forever" design on Etsy.com and eBay.com prior to the alleged date of first publication of this collection.[10]  Accordingly, there is a question of fact as to whether whatever was registered on the publication date contains original material that is infringed by the accused works.  Summary judgment must therefore be denied on this claim.  (*See id.*, Ex. 15.)  However, the defendants concede that the "Cell Phone Love Bug" work is infringed if the certificate of registration is found to be valid.  Accordingly, the plaintiffs are entitled to summary judgment on that claim.  (*Id.*)

### P.    Sport and Recreation Collection 2011

First, the defendants have argued that the respective "Golf Ball" designs are visually different.  The court agrees – the size of the dimples on the ball cases is too dissimilar (and also, the court notes, too generic) to be considered substantially similar.  Summary judgment must therefore be denied on this claim. Second, the court rejects the defendants' arguments as to the

_____

[10] The sales allegedly occurred no later than September 20, 2010 and March 8, 2011 (eBay.com) and March 14, 2011 (Etsy.com).

lack of similarity of the "Keep Calm and Kick On" designs – these are substantially similar and the plaintiffs are entitled to summary judgment on this claim. Third, the defendants concede that the remaining registration is infringed if the certificate of registration is found to be valid. Accordingly, the plaintiffs are entitled to summary judgment on the remaining claims. (*See id.*, Ex. 16.)

**Q.    Environment and Nature Collection 2011**

The defendants concede that this registration is infringed if the certificate of registration is found to be valid. Accordingly, the plaintiffs are entitled to summary judgment on this claim. (*See id.*, Ex. 17.)

**R.    Vampire Collection 2011**

The defendants have raised valid factual issues as to the plaintiffs' sales of copies of the alleged Twilight-themed designs on eBay.com prior to the alleged date of first publication of this collection.[11] Accordingly, there is a question of fact as to whether whatever was registered on the publication date contains original material that is infringed by the accused works. Summary judgment must therefore be denied on this claim. (*See id.*, Ex. 18.)

**S.    Book Lovers Collection 2011**

The defendants have raised valid factual issues as to the plaintiffs' sale of copies of the "Keep Calm and Carry a Wand" design on eBay.com prior to the alleged date of first publication of this collection.[12] Accordingly, there is a question of fact as to whether whatever was registered on the publication date contains original material that is infringed by the accused works.

---

[11] The sales allegedly occurred on February 3, 2011; March 8, 2011; July 26, 2011; and August 22, 2011.

[12] The sales allegedly occurred no later than September 11 and September 26, 2011.

Summary judgment must therefore be denied on this claim. (*See id.*, Ex. 19.) However, the defendants concede that the "Sherlock Holmes" work is infringed if the certificate of registration is found to be valid. Accordingly, the plaintiffs are entitled to summary judgment on that claim. (*Id.*)

**T.** **Halloween Collection 2011**

The defendants have raised a valid factual issue as to the plaintiffs' sales of copies of the "Purple Friendly Spider" design on eBay.com prior to the alleged date of first publication of this collection.[13] Accordingly, there is a question of fact as to whether whatever was registered on the publication date contains original material that is infringed by the accused works. Summary judgment must therefore be denied on this claim. (*See id.*, Ex. 20.)

**U.** **Food and Drink Collection 2012**

The defendants have raised valid factual issues as to the plaintiffs' sale of copies of the "Cold Beer" and "Sizzling Bacon" designs on Etsy.com prior to the alleged date of first publication of this collection.[14] Accordingly, there is a question of fact as to whether whatever was registered on the publication date contains original material that is infringed by the accused works. Summary judgment must therefore be denied on this claim. (*See id.*, Ex. 21.)

**V.** **U.S. State Flag Collection - Vol. 1**

The defendants have raised a valid factual issue as to the plaintiffs' sale of copies of a modified version of the Texas state flag design on Etsy.com prior to the alleged date of first

---

[13] The sale allegedly occurred no later than September 16, 2010.

[14] The sales allegedly occurred on January 25, 2012 (Cold Beer) and February 8, 2012 (Sizzling Bacon).

publication of this collection.[15]  Accordingly, there is a question of fact as to whether whatever

was registered on the publication date contains original material that is infringed by the accused

works.  Summary judgment must therefore be denied on this claim.  (*See id.*, Ex. 22.)

### X.       Pattern & Texture Collection 2012 - Pt. 2

The defendants contend that the two designs at issue are not similar because the

quatrefoils are smaller in the asserted work.  (Docket No. 164 at p. 21.)  Upon inspection, the

court disagrees and finds the images to be of substantial similarity.  Accordingly, the plaintiffs

are entitled to summary judgment on this claim.  (*See* Docket No. 162-1, Ex. 23.[16])

### Y.       Eiffel Tower Collection 2011

The defendants have raised valid factual issues as to the plaintiffs' sale of copies of the

"Paris" design on eBay.com prior to the alleged date of first publication of this collection.[17]

Accordingly, there is a question of fact as to whether whatever was registered on the publication

date contains original material that is infringed by the accused works.  Summary judgment must

therefore be denied on this claim.[18]  (*See id.*, Ex. 24.)

### Z.       Music Collection 2012

The defendants concede that this registration is infringed if the certificate of registration is

found to be valid.  Accordingly, the plaintiffs are entitled to summary judgment on this claim.

---

[15] The sale allegedly occurred on January 7, 2012.

[16] Exhibit 23 is incorrectly marked as the first of two documents labeled Exhibit 24.

[17] The sale allegedly occurred no later than March 6, 2010.

[18] The defendants also raise an argument as to the dissimilarity of the images.  This contention is rejected – the court finds that the designs in question are substantially similar.  (*See* Docket No. 162-1, Ex. 24.)

(See id., Ex. 25.)

### AA.    African Flag Collection - Vol. 1

In this instance, Primrose has taken the national flag of South Africa and muted its colors slightly.  The defendants' alleged infringing design is a mere copy of the national flag of that nation that is in the public domain with less muted colors.  The court does not find that the plaintiffs have identified any way in which the defendants have copied any original contribution.  This precludes summary judgment for the plaintiff with regard to this registration.

(*See id.*, Ex. 26.)

### BB.    iPad 5th Generation Product Photos

The plaintiffs concede that the four designs at issue here were previously published.  The previously published version is essentially identical to the plaintiffs' new version, except for the addition of the border.  The court finds that a question of fact exists as to whether any new protectible feature exists in the border such that plaintiff could prevail on a claim of infringement.  The plaintiffs have not satisfactorily addressed this question in their Reply.  Accordingly, summary judgment will be denied as to these designs.  (*See id.*, Ex. 27.)

### CC.    European Flag Collection - Vol. 1

In this instance, Primrose has taken the national flag of Ireland and muted its colors.  The defendants' alleged infringing design is a mere copy of the national flag of that nation that is in the public domain with less muted colors.  The court does not find that the plaintiffs have identified any way in which the defendants have copied any original contribution.  Moreover, the defendants have raised valid factual issues as to the plaintiffs' sale of copies of the "Ireland"

design on Etsy.com prior to the alleged date of first publication of this collection.[19]  Accordingly, there is a question of fact as to whether whatever was registered on the publication date contains original material that is infringed by the accused works.  This precludes summary judgment for the plaintiff with regard to this registration.  (*See id.*, Ex. 28.)

In sum, the plaintiffs are, therefore, entitled to summary judgment as to the infringement by the defendants of certain SJ Works, as set forth above.  However, the defendants have raised issues of fact sufficient to preclude summary judgment as to the remaining SJ Works and this case will proceed as to those claims (including the counterclaims).

**CONCLUSION**

The plaintiff's Second Motion for Summary Judgment (Docket No. 152) will be granted in part and denied in part.

An appropriate order will enter.

_____
ALETA A. TRAUGER
United States District Judge

---

[19] The sale allegedly occurred on February 1, 2012.